[Martin v. McLeod.]

# Martin *v.* McLeod.

*Appeal From an Order Granting a New Trial.*

(Decided Nov. 24th, 1906.   42 So. Rep. 622.)

*Appeal; Record; Conflict; Recitals; New Trial; Grounds.*—The order granting the new trial stated that the evidence did not support the verdict. The bill of exceptions recites that the court granted the motion for a new trial on the sole ground that the verdict of the jury was a compromise verdict and was not supported by the evidence; that the verdict of the jury should have been for the plaintiff, in the sum of $358.38, with interest or should have been for the defendant. The verdict was for plaintiff for $250.00. There was evidence that would have supported a larger verdict for plaintiff. Held, that the recitals of the bill of exception shows that the motion to set aside the verdict was granted on the sole ground that it was a compromise verdict; that the evidence did not support the finding that it was a quotient verdict; that the defendant could not complain that the verdict should have been larger, and that a new trial was improperly granted.

APPEAL from Anniston City Court.

Heard before HON. THOMAS W. COLEMAN, JR.

Annie R. Martin sued the defendant in the common counts for $1,000.00, and recovered a judgment for $250.00. The defendant moved for a new trial upon the following grounds: That the verdict is not supported by the evidence, and that the same was a compromise verdict. Upon the hearing of the motion the trial court, after hearing the evidence, set aside the verdict and granted the defendant a new trial. The facts upon which a decision of this case rests are sufficiently set out in the opinion. From the judgment on the motion granting a new trial the plaintiff prosecutes this appeal.

J. J. WILLETT, for appellant.—The fact that the verdict was less than it ought to be, as to defendant, was

[Martin v. McLeod.]

error without injury.—*Terrell Coal Co. v. Lacey,* 31 So.
Rep. 109; *Railroad Co. v. Danford,* 112 Ala. 80; 29 A.
& E. Ency. of Lay, 1034. There is no evidence to show
that this was a quotient verdict.—*Southern Ry. Co. v.
Williams,* 113 Ala. 620; *Birmingham Ry. L. & P. Co. v.
Clemmons,* 37 So. Rep. 929.

JAMES T. GREENE, for appellee.—(Counsel discusses
assignments of error but cite no authority.)

DOWDELL, J.—The appeal in this case is taken
from an order of the court setting aside the verdict of
the jury and granting a new trial on the motion of the
defendant.

The plaintiff sued for $1,000. The bill of exceptions
states that the evidence for the plaintiff tended to show
that the defendant received at one time for plaintiff's
use $100, and at another time for plaintiff's use $359.38,
while the evidence on the part of the defendant tended
to show that the defendant did not receive any money
to plaintiff's use, and that the defendant paid out $100
for painting plaintiff's house at her request, and that
this was all of the evidence, both on the trial of the case
and the trial of the motion. The order granting the
new trial contains the recital that the court granted the
motion "on the ground that the evidence did not sup-
port the verdict." The bill of exceptions contains the
recital that "the court granted the motion for a new
trial on the sole ground that the verdict of the jury was
a compromise verdict and was not supported by the evi-
dence; that the verdict of the jury should have been for
the plaintiff for the sum of $358.38, with interest, or
should have been for the defendant." This recital clear-
ly shows that the sole ground upon which the court
acted was that the verdict was a compromise verdict in
the opinion of the court, and not that there was no evi-
dence to support the verdict.

The verdict was for $250, and the bill of exceptions
states that there was evidence that would support a
greater verdict in favor of the plaintiff. There was no
evidence of a quotient verdict. It is not denied that
there was evidence to support a greater verdict in favor

[Chancellor v. Law & Edmonds.]

of the plaintiff than the one returned. The contention of the appellee is that the verdict for the plaintiff should have been for $500 or nothing. The defendant has no ground for complaining that the verdict in favor of the plaintiff is not for as great an amount as might have been rendered on the evidence. As was said in the case of *Terrell Coal Co. v. Lacey,* 31 South. 109, there is no merit in such a contention. See 29 Am. & Eng. Enccy. Law (2d Ed.) 1034. The court erred in setting aside the verdict and granting a new trial.

The judgment of the court will be reversed, and a judgment here rendered overruling the motion for a new trial.

Reversed and rendered.

HARALSON, TYSON, and ANDERSON, JJ., concur.